Filed 8/24/22  P. v. Daniel CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B316832 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA485620) |
| v. | |
| WILLIE LEE DANIEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Laura R. Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Appellant Willie Lee Daniel was sentenced to probation for an assault by means of force likely to cause great bodily injury. After he twice admitted violating the terms of his probation, which the trial court reinstated, the court found he violated the terms of his probation a third time, by failing to report to the probation department. The court revoked appellant's probation and sentenced him to three years imprisonment. On appeal, his appointed counsel filed a brief raising no issues and asking this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having done so, we affirm.

# BACKGROUND

## A. *Probation Sentence and First Two Violations*

In March 2020, appellant pled no contest to one count of assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)). Pursuant to a plea agreement, the court suspended imposition of sentence, placed appellant on probation for three years, and ordered him to serve 90 days in county jail (with 61 days of credit). The court imposed fines and fees, but subsequently stayed them, finding appellant was unable to pay. Appellant's probation conditions included requirements to obey all laws, as well as all rules and regulations of the probation

department.[1]  The court ordered appellant to report to the department within 48 hours of his release from custody.

Appellant was released from custody in April 2020, but he did not report to the probation department within 48 hours, or at any time thereafter.  He had not provided an active phone number to the department, and although he had provided a residence address in Long Beach, the department's letters to him at that address were returned to sender.  In August 2020, appellant admitted he had violated the terms of his probation by failing to report.  On September 4, 2020, the court reinstated appellant's probation on the same terms and conditions, modified to require additional jail time equal to time served.

The next day (September 5, 2020), appellant was released from custody but arrested hours later, after eyewitnesses reported to police that they had seen appellant assaulting a man by chasing him while wielding a large stick.  In November 2020, appellant admitted he had violated the terms of his probation by being arrested on an assault charge.  The court reinstated probation on the same terms and conditions, modified to require appellant to serve one year in county jail (with 203 days of credit).  The court again ordered appellant to report to the probation department within 48 hours of his release.  The court

---

[1]  According to a March 2020 probation report, appellant had an extensive criminal history and had performed poorly on prior periods of supervision, as evidenced by multiple parole violations.

admonished appellant that any further probation violation would result in a prison sentence.

### B. Third Violation and Prison Sentence

In May 2021, the probation department reported that appellant had not contacted it within 48 hours of his release from custody, or at any time thereafter. The court summarily revoked appellant's probation. After his arrest on a bench warrant, appellant requested a contested revocation hearing.[2]

In November 2021, the court held the contested hearing. The sole witness was appellant's assigned probation officer, Deputy Probation Officer Melia Rainer. Officer Rainer testified that probation officers have a duty to record each report by a probationer, whether made in person or by phone, in the department's electronic Adult Probation System (APS). She had searched APS for any record of a report by appellant and found none. Although she had no personal knowledge whether appellant had a phone or had been provided the department's phone number for reports, the department's practice was to provide the reporting number to each probationer, and she worked at a multi-service center that maintained a phone for homeless

---

[2] In October 2021, a probation officer interviewed appellant, who reportedly stated he was homeless and did not have a phone number, but did not claim he had been unable to report to the department, instead stating he had not reported because he had been busy.

4

probationers to use.  She had twice searched for evidence that appellant had been in contact with "homeless services," but found none.  Appellant neither testified nor submitted any evidence.

The court found appellant had violated the terms of his probation by failing to report to the probation department.  It sentenced him to the middle term of three years imprisonment on his conviction for assault by means of force likely to cause great bodily injury.  (See Pen. Code, § 245, subd. (a)(4).)  Appellant timely appealed.

### C. Wende *Brief*

Appellant's appointed counsel filed a brief raising no issues and asking this court to independently review the record under *Wende, supra*, 25 Cal.3d 436.  In May 2022, we directed counsel to send the record and a copy of the brief to appellant and notified appellant of his right to file a supplemental brief within 30 days.  We have received no supplemental brief or other communication from appellant.

### DISCUSSION

Neither appellant nor his appointed counsel has raised any issue on appeal.  We have independently reviewed the record and discern no arguable issue.  By virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-279.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



MANELLA, P. J.



We concur:



WILLHITE, J.



COLLINS, J.